CASE 48—PETITION ORDINARY—JANUARY 19.

# Kennedy & Bro. vs. Cunningham.

APPEAL FROM BOURBON CIRCUIT COURT.

1. An error committed by the court in its instructions to the jury is waived, unless excepted to at the time they are given, and cannot afterwards be relied upon either as a cause for new trial or as available for a reversal of the judgment.

2. A circuit court may adopt such rules of practice, not in contravention of any rule of law, as are deemed necessary to facilitate the progress of business; but it cannot adopt any rule of practice the effect of which is to render nugatory a rule of law, the benefit of which either party to the action has a right to claim.

3. A bill of exceptions tendered by the defendants contains the following statement: "The court then gave the following instructions for plaintiff and defendants, to which the defendants excepted, and still except." "No objection was made or exception taken by the defendants to the plaintiff's instructions at the time they were given; but the court had frequently announced before the bar that it would consider all questions decided by the court on the trial as reserved without formal exceptions taken at the time." *Held*—That this rule is not only inconsistent with the rule on

Kennedy & Bro. vs. Cunningham.

the same subject prescribed by the Civil Code, but directly contravenes its object and policy; and that the defendants cannot rely upon any error in the instructions, either upon a motion for a new trial, or on an appeal for a reversal of the judgment.

WILLIAMS & PRALL for appellants.

G. & R. T. DAVIS, for appellee, cited *Hardin* 163 ; 12 *B. Mon.*, 129 ; 1 *Mon.*, 215 ; 1 *Dana*, 364 ; *Civil Code, sec.* 364 ; 3 *Bibb*, 50 ; *Story on Sales, secs.* 299, 300, 389 ; 14 *B. Mon.*, 413 ; 7 *Dana*, 59 ; 1 *Parsons*, 441, *note t; Story on Sales, p.* 272, *note, and* 275–6 ; 2 *Kent*, 496 ; 2 *Comstock*, 226 ; 2 *B. Mon.*, 54 ; 3 *Mon.*, 294 ; 6 *B. Mon.*, 462 ; 2 *Marsh.*, 340 ; *Hardin*, 539 ; 2 *Bibb*, 542 ; 3 *Dana*, 54 ; 8 *B. Mon.*, 192 ; 10 *Ib.*, 256 ; 7 *Ib.*, 566 ; 9 *Ib.*, 373 ; 1 *Bouvier's Dic.*, 380 ; 1 *Chitty Pleadings*, 106 ; *Peck*, 202 ; 10 *Yerger*, 458 ; 6 *Ib.*, 332 ; 1 *J. J. Marsh.*, 174 ; 2 *Scam.*, 313 ; 18 *B. Mon.*, 61 ; *Rev. Stat.*, 420 ; 4 *Mon.*, 451 ; 6 *Ib.*, 142 ; *Chitty on Contracts*, 375 ; 7 *Dana*, 60 ; 6 *East*, 614 ; 4 *Camp.*, 237 ; 11 *East*, 210 ; 2 *Parsons on Contracts*, 67.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT :

This action was brought by Cunningham against the appellants, for the price of three hundred and twenty-six bushels of wheat, at seventy-two cents per bushel, which the plaintiff alleged in his petition he had sold and delivered to the defendants, at the depot of the Covington and Lexington railroad in the town of Paris, and which having been partially destroyed by fire shortly after its delivery, the defendants refused to pay for.

The defendants denied that the wheat which they purchased of the plaintiff was, by the terms of the contract, to be delivered at the depot in Paris, but alleged that it was to be delivered at Covington, at which place they were to receive and pay for it.

The plaintiff having obtained a verdict and judgment for $261 71, the defendants have appealed.

The bill of exceptions, tendered by the defendants, signed by the judge, and made part of the record, contains the following statement, viz :

" The court then gave the following instructions for plaintiff and defendants, to which the defendants excepted and still except."

" No objection was made or exception taken by the defendants to the plaintiff's instructions at the time they were given; but the court had frequently announced before the bar, that it would consider all questions decided by the court on the trial as reserved, without formal exceptions taken at the time."

It is contended, that as the instructions which were given at the instance of the plaintiff were not objected to at the time, that the defendants, under the rules in relation to exceptions, prescribed by the Civil Code, must be deemed to have waived all objections to them. And that as these rules are imperative they cannot be dispensed with by any rule of practice which the court may think proper to adopt, and, therefore, if there be any error in the instructions, the appellants cannot now avail themselves of it.

One of the leading characteristics of the provisions of the Civil Code, is the duty which they impose on the parties to the action to except to every proceeding in the cause, and every decision of the court made during its trial, that is deemed to be objectionable by either party. The policy of this requisition is obvious. Matters which are regarded as of little importance at the time, and are for that reason allowed to pass unnoticed, are thus finally disposed of, and cannot be afterwards relied upon as erroneous. Each party, by being apprised that the opposite party objects to some part of the proceedings, is thus put upon his guard, and has an opportunity afforded him of correcting the error, if one has been committed, or of avoiding it, if about to be committed. Instructions may be asked which, if objected to, would not be insisted on, or if insisted upon, would not be given by the court, but which might be given, if no objection was made to them. For this reason the error in the instruction is deemed to be waived, unless the instruction be objected to at the time it is given.

The party objecting to a decision of the court must except at the time the decision is made. (*Civil Code, section* 364.)

A new trial may be granted for error of law occurring at the trial and excepted to by the party making the application. (*Section* 369.)

The effect of these provisions is, that an error committed by the court on the trial is deemed to be waived, unless excepted

to at the time, and cannot afterwards be relied upon, either as cause for a new trial, or as available for a reversal of the judgment.

Now, it is evident that the rule of practice adopted by the court below is not only inconsistent with the rule on the same subject thus prescribed by the Civil Code, but it directly contravenes its object and policy. The policy of the rule which the law prescribes, is to put an end to litigation, by regarding every error which the court commits upon the trial as waived, unless excepted to at the time. The effect of the rule adopted by the court is exactly the contrary. It does not allow any error whatever to be regarded as having been waived, but permits them all to be made available either on a motion for a new trial, or on an appeal for a reversal of the judgment.

A circuit court may adopt such rules of practice, not in contravention of any rule of law, as are deemed necessary to facilitate the progress of business; but it cannot adopt any rule of practice, the effect of which is to render nugatory a rule of law, the benefit of which either party to the action has a right to claim.

As the appellants cannot rely upon any error in the instructions, the principal question is, does the evidence in the cause sustain the verdict?

We think there can be no doubt that, by the terms of the contract, the wheat was to be received in the city of Covington. Indeed there is no evidence even tending to prove that, under the original contract, it was to be received at the depot in Paris. Was the evidence sufficient to authorize the jury to find that the parties had made an agreement to change the place of delivery? We think that it did not even conduce to prove that any such change had been made in the original agreement, and that, consequently, the verdict of the jury is unsustained by the testimony.

Wherefore, the judgment is reversed, and cause remanded for a new trial and further proceedings not inconsistent with this opinion.