## G. W. SALLE *v.* G. W. HURT, ETC.

**Trials—Instructions—Exceptions and Objections.**

> An exception to an instruction is not sufficient to authorize the Court of Appeals to inquire into the error, if there be one, in giving an instruction, it must be objected to when asked for, and then the ruling of the court, if given, excepted to.

**Trials—Explanation of Instruction by Court.**

> Where the court explains the instruction to the jury, the error, if one, cannot be made available in the Court of Appeals unless excepted to at the time.

APPEAL FROM CLINTON CIRCUIT COURT.

December 20, 1870.

OPINION BY JUDGE PETERS:

Even if it can be said that the verdict of the jury is against the weight of evidence, the preponderance certainly is not so decidedly against it, as to authorize this court to interpose and award a new trial on that ground against the opinion of the circuit judge.

Nor can we review the action of the court below in giving instructions as asked by appellee.

All the instructions asked by appellant were given, as were those asked by appellee, and at the close of those given for appellee, the bill of exceptions contains the following statement, *"To which plaintiffs excepted."*

That exception as was held by this court in *Kennedy & Bro. vs. Cunningham,* 2 *Met.* 538; *Letton, etc., vs. Young, etc., Ib.* 558, and in *Cox vs. Winston,* 3 *Met.* 577, is not sufficient to authorize this court to inquire into the error, if there be one, in granting

the instructions; they should have been objected to, when asked for, and then the ruling of the court if given excepted to.

This ruling has been so long established as the meaning of *Section* 364 *of C. C.,* and so often announced, that it should not now be departed from.

If the explanations given by the circuit judge of the instructions given to the jury when they returned after having retired to consult on their verdict, were prejudicial to appellant, which from his statement in the bill of exceptions is not satisfactorily manifested, still we think appellant should have excepted to it at the time to make it available as an error.

The affidavits under the repeated rulings of this court were insufficient to authorize a new trial. Wherefore the judgment must be affirmed.

*Lindsey, J. E. Hays, McKee, for appellant.*
*James, Winfrey & Winfrey, Brents, for appellees.*