## C. A. McLAUGHLIN, ET AL., v. FRANK A. AVOID, ET AL.

**Appeals—Bill of Exceptions.**

Time to prepare a bill of exceptions may be extended to the succeeding term of the court but not beyond such succeeding term.

APPEAL FROM KENTON CHANCERY COURT.

December 12, 1874.

Opinion by Judge Lindsay:

It is recited in the judgment in this case that the cause was heard upon the oral and written proof.

Sec. 11 of the act establishing the chancery courts for the counties of Kenton, Campbell, etc., Vol. 1, p. 75, Acts of 1871, provides that in certain contingencies, the court may hear oral evidence on the trial of any action or proceeding in equity, and that "such evidence and all exceptions thereto, may be made part of the record by bills of evidence and exceptions, as now provided by law in ordinary cases."

The judgment appealed from was rendered on the 29th of June, 1872. The first mention of a bill of exceptions, as shown by the record, was on the 7th day of February, 1873. This was certainly not in the term at which the judgment was rendered, and unless the terms had been changed since the passage of the act of March 20, 1871, two terms had intervened. The motion then made was that leave be given until a succeeding term to prepare and file a bill of exceptions.

On the 14th of April, 1873, time was extended until the 18th day of that term of the court, and on the 30th day of April further time was given until the second Monday in June, 1873. June 9, the time was further extended until the sixth day of the term. Afterwards extensions were made until the December term, 1873, when the paper styled a bill of exceptions and copied into the record was finally ordered to be made part thereof.

Sec. 364, Civil Code, provides that the exception must be made in the time of the decision complained of, "and that time may be given to reduce the exception to writing, but not beyond the succeeding term." In this case no time was asked or given to reduce the exceptions to writing until after the expiration of the term. No motion was made until a succeeding term, and the court had then lost all control in the matter.

But if this were not so, the court certainly had no power to extend the time to still another term. *Porter v. Juny*, Mss. Opinion, July, 1856; Myer's Code, p. 481. *Kennedy & Bro. v. Cunningham*, 2 Met. 538.

We cannot consider the paper on file termed a bill of exceptions,

and as the payment is authorized by the pleadings, we must presume that it was sustained by the evidence heard by the chancellor.

Judgment *affirmed.*

*Stevenson & O'Hara, for appellants.*

*J. G. Carlisle, for appellees.*