FRANK TAYLOR v. COMMONWEALTH.

**Criminal Law—Sufficiency of Indictment—Confessions.**

In charging assault and battery with intent to kill, an indictment is not defective for failing to state that the person assaulted did not die.

**Confessions.**

Voluntary confessions should be allowed to go to the jury; to exclude confessions from being admitted as evidence it should be made to appear to the court that the motive of hope or fear must have been directly applied by a third person to induce them, and must have been sufficient in the judgment of the court to overcome the mind of the prisoner, to render the confession unworthy of credit.

26

## APPEAL FROM KENTON CIRCUIT COURT.

March 25, 1875.

OPINION BY JUDGE PETERS:

The first reason urged by the learned attorneys for the appellant for a reversal of the judgment, is for an alleged insufficiency of the indictment in omitting to state therein that Cook, the person wounded, did not die from the wounds then and there inflicted.

The same question was before this court in *Burns v. Commonwealth,* 3 Met. 13; and after stating the general requisites of an indictment as prescribed by the Criminal Code, the court decided that an indictment for wilfully and maliciously shooting and wounding another with an intention to kill, the words "so that he did not die thereby" being omitted, was sufficient either upon a demurrer, or on a motion in arrest of judgment.

It is next urged that the court erred in admitting evidence of the confessions of appellant to go to the jury. The doctrine on that subject seems to be that in order to exclude confessions, the motive of hope or fear must be directly applied by a third person to induce them, and must be, in the judgment of the court, sufficient, so far as to overcome the mind of the prisoner, to render the confession unworthy of credit. 1 Greenleaf on Evidence 220.

In this case the confessions made by appellant to the two witnesses introduced to prove them, were made voluntarily; they were not asked for by Francis, the police officer; and to Dr. Hall he made them without any threats, persuasions or proimses on his part. The doctor proves that he asked appellant if he did the cutting, and he replied he did it to keep from being shot, or after he had been shot at. The witness could not state which form of expression he used. Under the rule the evidence was admissible.

If there was any error in the instructions given to the jury, it is not assigned as a ground for a new trial, and it is, therefore, excluded from the consideration of this court, as was held in *Hopkins v. Commonwealth,* 3 Bush 480, and other cases.

Wherefore the judgment must be *affirmed.*

*Major & Jett, for appellant.*
*John W. Rodman, for appellee.*