THE PEOPLE OF THE STATE OF CALIFORNIA, Appellants, *v.* WILLIAM AIKENHEAD, JOHN YONTZ, and others, his Sureties, Respondents.

When an officer is elected to a new term, he should give a new bond

The sureties on a bond of an officer for one term, will not be liable for any act done by him after election to a second term.

It devolves upon an officer to see that proper bonds are filed, and the State has no right to visit upon a party the laches of her own officer.

APPEAL from the District Court of the Third Judicial District, Alameda County.

Action originally commenced in the County of Santa Clara. Defendants moved for a change of venue, and the Court after due cause shown, transferred the case to the County of Alameda. ·The case was tried by the Court, without a jury, who found the facts as follows:

On the 4th day of October, 1852, the Court of Sessions of Santa Clara County, appointed William Aikenhead, County Treasurer, in place of one Clayton, resigned. On the following day, Aikenhead gave bond, with the defendants as sureties, to continue until his successor was qualified. On the 2d day of November, of the same year, Aikenhead was duly elected Treasurer of said County, and received his certificate of election, but never qualified or gave bond, and continued to exercise his official duties. On the 7th of September, 1853, one Appleton was elected as his successor, but failed to qualify within the time prescribed by law, Afterwards, on the 18th of February, 1854, the Court of Sessions appointed said Appleton County Treasurer.

The complaint alleges, that Aikenhead appropriated fraudulently, to his own use, certain moneys received by him in his official capacity, subsequent to the 1st day of October, 1853. This action was brought to recover the amount from the defendants, his sureties on the bond given October 5, 1852. Aikenhead was not served with process. The Court below decided that the sureties were not liable, and gave judgment for defendants. Plaintiffs appealed.

*J. R. McConnell*, (Attorney General,) for Appellants, argued,

That the bond having been given until a successor should be qualified, renders the respondents liable. No authorities were cited.

*Wallace & Ryland*, for Respondents.

The sureties are not liable, because their liability ceased before Aikenhead became a defaulter. 4 Blackf., 2, 15. 6 East, 507. 5 Iredell, 105. 2 Saund., 411. 8 Mass., 275. 2 Ohio, 344. 6 Howard's Miss. R., 582. Rice's Digest, 153. Burge on Suretyship, p. 63–72. Dumas *v.* Patterson, 9 Ala., 474. State *v.* Varranda, 7 Blackf., 314. 7 Iredell, 77. To render the defendants liable their contract must be construed differently from what they intended it. 9 Wheat., 680. 15 Peters, 187. The sureties were not bound under the new appointment. South Carolina Society *v.* Johnston. 1 McCord, 41. 3 Har. & McH., 216.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

The appointment of Aikenhead as Treasurer was to continue until his successor was qualified, and until this took place, ordinarily, his sureties would be bound. But Aikenhead was elected for a new term and ought to have given a new bond. It devolved upon another officer of the law to see to this, and the sureties upon the bond may well have rested in security under the impression that the obligations of the law had been fulfilled. If another than Aikenhead had been elected and failed to qualify, so as to have continued the latter in office, the defendants would have been chargeable with notice, and indeed their continued liability would have been but an incident of their contract.

The State has no right to visit upon the defendants the effects of the laches of her own officer, whose duty it was to see that a new bond was given.

Judgment affirmed.