W. B. THOMPSON, Administrator, &c. et al. *v.* THE STATE OF MISSISSIPPI, use, &c.

1. OFFICER: EFFECT OF STATUTE PROVIDING FOR CONTINUANCE IN OFFICE TILL SUCCESSOR APPOINTED, ON OFFICIAL BOND.—When the law fixing the term of an office, provides that the officer shall hold his office for a stated period, and "until his successor is appointed and qualified," the sureties on the official bond of such officer will continue liable for his official acts after the expiration of the stated period, and until the appointment and qualification of his successor. See 1 McCord. 41 ; 2 Hill (S. C.), 589.

2. SAME: SWAMP LAND COMMISSIONER: ACTS OF 1852 AND 1854.—Scrip issued under the 12th section of the Act of 2d March, 1854 (Session Laws, 81), is covered by the stipulation in an official bond of a swamp land commissioner appointed in pursuance of the Act of 16th March, 1852 (Session Laws, 33) : "That the commissioner will safely keep all the funds that shall come into his hands, arising from, or connected with, the disposal of said swamp lands" (i. e. those situated in his county), "and apply the same as the law directs."

ERROR to the Circuit Court of Attala county. Hon. E. G. Henry, judge.

On the 2d day of October, A. D. 1854, Benjamin McCary was

appointed "commissioner of swamp lands," for Attala county, in pursuance of the Act of 1822 (Session Laws, 33, *et seq.*). On the 5th day of October, he gave bond and security, in the penalty of $50,000, payable to the State, subject to the following conditions, viz. :—

"The condition of the above obligation is such, that whereas the above bound Benjamin McCary was, on the 2d day of October, A. D. 1854, appointed by the board of police of Attala county, in said State, commissioner of swamp and overflowed lands, for said county of Attala, granted to the State of Mississippi by Act of Congress of 28th of September, A. D. 1850, for the reclamation of said lands on the rivers and other watercourses bordering on the bottoms of the Tallahatchie and Yazoo rivers, which said lands, by · an act of the legislature of the State of Mississippi, dated the 16th day of March, A. D. 1852, were granted to the counties respectively in which any portion of said lands are situated, and which said act requires the boards of police respectively in the counties in which any portion of said lands are located, to appoint a commissioner, or commissioners, vested with the right to dispose of the scrip for said land within their respective counties; and whose duty it shall be to receive the money arising from the sale of said lands, at not less than fifty cents per acre, and to employ labor to ditch and levee the same," &c.

"Now, therefore, if the said Benjamin McCary, commissioner as aforesaid, shall faithfully apply the proceeds of the sales of said lands to the purposes for which they were granted, and shall safely keep all the funds that shall come into his possession, arising from, or connected with, the disposal of said swamp and overflowed lands, and apply the same as the law directs, and shall faithfully perform all the duties required of him by said act, then the above obligation shall be null and void, else to remain in full force and effect."

The Act of the 16th of March, 1852, granted to the counties the swamp lands situated within their limits respectively. On the 2d of March, 1854, another act was passed, by the twelfth section of which provision was made for the issuance of scrip, to each of the several counties, for the number of acres of swamp and overflowed lands which may have been theretofore located in said county by

scrip issued for other purposes, which scrip, so authorized to be issued, could be located within the levee district.

It appeared from the declaration, that no successor had been appointed to McCary, and that he still continued to act as commissioner, when he received the funds hereinafter mentioned. Among the breaches of the condition of said bond, it was assigned, 1st, that in June, 1857, McCary received scrip for land lying in Attala county, to the amount of one thousand acres, worth $500; and 2d, that in July, 1857, the said McCary received scrip to the amount of eight thousand four hundred and eighty acres, worth $4240, for lands not situated in said county. This last scrip was issued in pursuance of the Act of 1854. (See Session Laws, 77–81.)

The defendants demurred to these two assignments, and their demurrer being overruled, they declined to plead over, and judgment final was rendered against them, and they sued out this writ of error.

*J. A. P. Campbell,* for plaintiff in error,

Contended, 1st. That the sureties were not bound for either of the funds received in June and July, 1857, for the reason that before that time, the two years for which McCary had been appointed, had expired; and that, if under any circumstances a surety in such a bond, was liable, beyond the stated period fixed by law as the term of office, for acts done after the expiration of said stated period, upon the ground that the statute provided that the officer should continue in office until his successor was appointed and qualified, yet it seemed clear that such liability did not exist in this case. Here the term had expired on the 2d of October, 1856, and the funds were not received for nearly a year thereafter. This was an unreasonable delay in the appointing power to make the appointment of a successor. Since the term had expired, many regular meetings of the board of police had been held, and their neglect to appoint seemed to be wilful, and unreasonable, and without excuse. The law evidently contemplated that the successor should be appointed in a reasonable time after the expiration of the two years. The policy of the law was, to provide against an interregnum or vacancy in the office, when the two years should expire at a time when the board was not in session, and when the successor should

Thompson, Admr. et al. *v.* The State.

delay in giving bond and taking the oath of office. It certainly never was intended that the board of police should have the power to continue an officer in office indefinitely under the same appointment, by their wilful failure and neglect to appoint a successor. This would be in violation of the Constitution, art. 1, § 30. See 2 Harrington's R. 190 ; 1 McCord, 41 ; 2 Hill, 589 ; 8 Mass. R. 275 ; 1 Dessaus. 450 ; 7 How. (Part 2), 221 ; 6 How. & J. 95.

2. The sureties were not liable for the eight thousand four hundred and eighty acres of scrip issued under the Act of 1854. The whole tenor of the bond is that a liability under the Act of 1852 was assumed only. The recitals in the condition refer to that act alone, and such recitals limit the undertaking, although it may be found in its terms. 1 How. (U. S.) R. 169 ; 17 Pet. 161. Again, the liability of a surety is never extended by implication beyond the precise terms of his agreement. 1 Gilman, 165 ; 10 Johns. R. 180 ; Paine's C. C. R. 305 ; Smith's Mer. Law, 582.

*T. J. Wharton,* attorney-general, for the State,

Cited the Acts of 1852 (Session Laws, 33), and the Acts of 1854 (Session Laws, 81), and *McAfee* v. *Russell,* 29 Miss. R. 84 ; *Half-acre* v. *Smith,* 5 How. 682 ; and *Hughes* v. *Buckingham,* 5 S. & M. 582.

HANDY, J., delivered the opinion of the court.

This action was brought on a bond given by Benjamin McCary, as a commissioner of swamp and overflowed lands for Attala county, appointed by the board of police of that county, under the Act of 16th March, 1852, chapter 14, seeking to recover from him and the sureties on his bond, the amount of certain moneys and land scrip received by McCary, as such commissioner, and which he had not accounted for.

The declaration shows, that, besides other funds received by McCary as commissioner, he received in June, 1857, scrip amounting to one thousand acres, worth five hundred dollars, and in July, 1857, eighty-four hundred and eighty acres of scrip, worth four thousand two hundred and forty dollars ; the latter being for land not lying in Attala county.

' The defendants in the court below demurred to these several

claims, setting forth several grounds of demurrer, which present two substantive grounds of defence. 1st. That the defendants, the sureties, are not liable on the bond, because the money and funds alleged to have been received by the commissioner, came to his hands after the expiration of two years from the date of the bond sued on, and when the sureties were no longer responsible for his official acts. 2d. That the scrip amounting to eight thousand four hundred and eighty acres, was for lands not lying in Attala county, and was not embraced within the obligation of the bond sued on.

1. The commissioner executed his bond, and took the oath of office on the 5th December, 1854; and the funds for which it is contended the sureties are not liable, came to his hands in June and July, 1857. The statute under which he was appointed provides, that such commissioners should "continue in office for two years, and *until their successors are appointed* by the board of county police," &c. Acts, 1852, ch. 14, § 6. It is clear that the bond covers the time for which the officer is authorized to act by the law under which he holds his office, and that the period of responsibility is determined by the law. 1 McCord, 41; 2 Hill (S. C.) 589. The declaration avers that at the time he received these funds, no successor had been appointed, and that he was then exercising the functions of the office, and this is admitted by the demurrer. It is plain, therefore, that.although the period of two years, which might have been the termination of his office, had elapsed, yet, that by the terms of the statute, he still continued in office when these funds came to his hands, as his successor had not then been appointed, and that his responsibility continued as fully as within the two years. *McAfee v. Russell*, 29 Miss. 84. Consequently, this ground of defence is not maintainable.

2. It appears to be conceded, that the scrip for eight thousand four hundred and eighty acres of land was for lands not lying in Attala county; and the question arises, was the commissioner responsible for that fund by the terms of the bond sued on?

The condition of the bond is as follows: After reciting that McCary had been appointed by the board of police of Attala county, commissioner of swamp and overflowed lands for said county, in virtue of the Act of 16th March, 1852, vesting the commissioners thereby authorized to be appointed with the right

to dispose of the scrip for said lands within their respective counties, and to receive the money arising from the sale thereof, &c., it concludes : " That if the said McCary, commissioner as aforesaid, shall faithfully apply the proceeds of the sales of said lands to the purposes for which they were granted, and shall safely keep all the funds that shall come into his hands, arising from or connected with the disposal of said swamp and overflowed lands, and apply the same as the law directs, and shall faithfully perform all the duties required of him by said act, then the obligation should be void."

It is true, that the Act of 1852 contemplated that the lands, and the funds arising from the lands, in the county for which the commissioner should be appointed, should constitute the extent of his authority. But afterwards, and by the 12th section of the Act of 2d March, 1854, the secretary of state was authorized to ascertain the number of acres of land located in any county, on account of other funds or claims than that of the particular county, and to issue to the proper representative of such county, in lieu thereof, swamp land scrip, to an equal amount, upon any unappropriated lands remaining in the district mentioned in the first section of the act, known as the levee district. This act extended the power of the commissioner of Attala county to scrip for lands beyond the limits of that county ; and having been passed, and being in operation when the bond in this case was executed, the powers and duties therein involved became a part of his official authority, when he took upon himself the office, and are embraced within the obligation of his bond.

The terms of the condition of the bond are sufficiently broad to embrace scrip issued for lands beyond the county, and to be located in the levee district, under the Act of 1854. They are not only " to apply the proceeds of the sales of said lands" (in Attala county) " to the purposes for which they were granted," but to " safely keep *all the funds* that shall come into his hands, *arising from or connected with the disposal* of said swamp lands, and apply the same as the law directs."

The fund here in controversy " arose from and was connected with" the disposal of swamp lands granted to the county, and the scrip in question must have been issued under the provisions of the 12th section of the Act of 1854. It, therefore, came within the

official obligation of the commissioner, and is covered by the bond sued on.

Let the judgment be affirmed.