## A. M. KRUTTSCHNITT, RESPONDENT, v. LOUIS A. HAUCK et als., APPELLANTS.

DEPUTY COUNTY ASSESSOR'S TERM—LIABILITY OF SURETIES. Where a county assessor on April 5th, 1867, made a writing appointing a deputy, which with the oath of office was recorded as required by statute (Stats. 1864, 134) and the deputy gave a bond for the faithful performance of the duties of his office as such deputy during his continuance therein; and on May 9th, 1868, the assessor made a new writing of appointment of the same person, which with a new oath attached was recorded, but no new bond given: *Held*, that the second writing did not create a new term of office, and that the sureties on the bond were responsible for a defalcation of the deputy occurring at any time during the continuance of his office, though after the date of the second writing.

POWER OF COUNTY ASSESSOR TO APPOINT DEPUTIES. The power of the county assessor to appoint deputies (Stats. 1864, 143; 1864–5, 345) is limited only by the statutory provision (Stats. 1864-5, 346) that before such appointment he shall "divide the county into convenient districts, of which division notice shall be given to the board of county commissioners."

TERM OF LIABILITY ON BOND OF DEPUTY ASSESSOR. Where the sureties on the official bond of a deputy assessor obligated themselves for the faithful performance by the officer of the duties of said office "during his continuance therein": *Held*, that the obligation of the sureties was general, for a term solely dependent upon the will of the assessor, and which would continue, unless revoked, during his entire term.

APPEAL from the District Court of the First Judicial District, Storey County.

This was an action against Louis A. Hauck, principal, and L. B. Frankel and J. A. Winterbaum, sureties on the official bond given by Hauck on his appointment as deputy assessor of Storey County. The term of office of the assessor Kruttschnitt, by whom the appointment was made, was two years from January 1st, 1867. The defalcation of Hauck was during this term, and was for the amount

of eleven hundred and eleven dollars and seventy cents, for which sum with interest and costs of suit, judgment was rendered against defendants. A motion for new trial being denied, they appealed.

*R. H. Taylor,* for Appellants.

I.   The appointment of May 9th, 1868, *ipso jure,* operated as a revocation of the appointment of April 5th, 1867. (Stats. 1864, 143 ; *United States* v. *Kirpatrick,* 9 Wheat. 720 ; *Rany* v. *The Governor,* 4 Blackf. 5.)

II.   The bond was given in pursuance of the appointment of April 5th, 1867, and the liability of the sureties was confined to default of defendant Hauck, while acting under the appointment. The recital of the bond limits its condition. (*People* v. *Aiken-read,* 5 Cal. 106 ; Story on Contracts, 644 ; *Thompson* v. *Young,* 2 Ohio, 334 ; *Bigelow* v. *Bridge,* 8 Mass. 275 ; *Rany* v. *The Governor,* 4 Blackf. 3 ; *Miller* v. *Stewart,* 9 Wheat. 680 ; *United States* v. *Kirkpatrick,* 9 Wheat. 720 ; *Lord Arlington* v. *Merricke,* 2 Saund. 411, 414 and note (5) ; *Liverpool Water Works* v. *Atkinson,* 6 East. 507 ; *Wardens of St. Savior's* v. *Bostock,* 2 Bos. & Pul. New Rep. 175.

III.   Courts will not go beyond the fair import of the terms a surety employs in order to fasten a liability upon him. The contract of a surety is *strictissimi juris.* (*People* v. *Buster,* 11 Cal. 215 : *People* v. *Breyfogle,* 17 Cal. 504 ; *Miller* v. *Stewart,* 9 Wheat. 702 ; *United States* v. *Boyd,* 15 Peters, 208 ; *Thompson* v. *Young,* 2 Ohio, 334.)

IV.   The construction to be given to bonds should be that which is most favorable to the obligor. (2 Parsons on Cont. 22, note 5.)

*Henry K. Mitchell,* for Respondent.

I.   The term of office of the plaintiff commenced January 1st, 1867, and continued until January 1st, 1869. The condition of the bond runs to the continuance in office of the deputy, Hauck. The alleged defalcations occurred during the term of office of the assessor, and the continuance in office by him of the deputy.

II.  The appointment of May 9th, 1868, was not a revocation of the appointment of April 5th, 1867, nor a new apointment for a new term; because Hauck remained in, and was discharging the duties of deputy assessor on and after May 9th, 1868, the same as before ; because the assessor made the last paper only to enable the commissioners to fix the number of days for which pay should be allowed any deputy, and because the words " have appointed " in the last paper cannot be construed into a present appointment, but refer to an appointment made prior thereto.

III.  The bond in suit is a common law bond.  The sureties are bound by the recital which is " that if the said Hauck shall well and faithfully execute and discharge the duties of said office of deputy assessor during his continuance therein."

By the Court, WHITMAN, J. :

Respondent being the duly elected assessor for Storey County, appointed the appellant Hauck his deputy by a writing as follows :

" Know all men by these presents that I, the undersigned, Assessor of the County of Storey, State of Nevada, do hereby appoint Louis A. Hauck, of Gold Hill, county and State aforesaid, Deputy Assessor for the purpose of assisting me in assessing Gold Hill District in said county.  In witness whereof, I have hereunto set my hand and seal the fifth day of April, A. D. 1867.

A. M. KRUTTSCHNITT, Assessor of Storey County."

This appointment, with the accompanying oath of office, was duly recorded as by statute provided (Stats. 1864, 143).  On the day after the appointment, Hauck as principal, and his co-defendants as sureties, gave a bond for the faithful performance of his duties during his continuance in office.  He continuously performed the duties of the office until the expiration of the term of his principal.

On the ninth of May, 1868, respondent made the following writing :

" Know all men by these presents that I, A. M. Kruttschnitt, Assessor of Storey County, State of Nevada, have appointed Louis

A. Hauck a Deputy Assessor for the purpose of assisting me in assessing the property in the following district, to wit: Gold Hill District. Witness my hand this ninth day of May, A. D. 1868.

A. M. KRUTTSCHNITT, Assessor Storey County, Nev."

Which, with the accompanying oath of Hauck, was duly recorded.

This suit is brought to recover certain moneys, of which Hauck was in default, which defalcation occurred after the date last named.

Respondent recovered in the District Court, and this appeal is taken from such judgment, upon the assumption that the sureties are responsible only for any breach occurring before the date last aforesaid, it being contended that the writing of that date inaugurated a new term of office, to which the bond given had no reference.

If the premise be correct, the conclusion claimed by appellants follows, although the language of the bond is general; as such may be limited and restricted by the recital, by the subject or by facts, which, when applied to the language used, show that it must have been so understood by the parties. And to this effect are the authorities cited by counsel for appellant.

But as is said by Shaw, C. J. in *Amherst Bank* v. *Root et al.*, 2 Met. 540 : " The cases where it has been held that the generality of the words of an obligation may be restrained and modified, are of two classes ; first, where there is a preamble or recital, stating directly or by implication the intent and purpose of the parties to the bond ; or secondly, where it is a stipulation for fidelity in office, and it appears by the nature and condition of the office that it was limited to a particular time."

This case comes within neither of the exceptions noted. The assessor had the power to appoint deputies, limited only by the statutory provision that before such appointment he should " divide the county into convenient districts, of which division notice shall be given to the board of county commissioners." This was done before the first appointment, and the only reason for the second appointment seems to have been that he was directed by the commissioners to re-district the county, and upon so doing, made what is called the re-appointment of Hauck.

Kruttschnitt *v.* Hauck.  .

So far as any examination of that part of the case has been made, the order would appear to be unauthorized, and the re-appointment superfluous; but whether that be so or not cannot affect the main question of the liability of the sureties; their obligation was in general terms for the faithful performance by Hauck of " the duties of the said office of deputy assessor," during his continuance therein.  There was no express limitation of the effect of this general language and none can be inferred; as the term of his continuance was not fixed by any law, or other limitation, but was solely dependent upon the will of his principal, who willed to continue him during his entire term.  (*Exeter Bank* v. *Rogers*, 7 N. H. 21; *Dedham Bank* v. *Chickering*, 3 Pick. 335; *Amherst Bank* v. *Root*, 2 Met. 522; *Hughes* v. *Smith*, 5 Johns. 168.)

The judgment herein is correct, and is affirmed.

JOHNSON, J., did not participate in the foregoing decision.