State *v.* Wells.

---

## THE STATE OF NEVADA, RESPONDENT, *v.* THOMAS WELLS *et als.*, APPELLANTS.

LIABILITY ON OFFICIAL BOND OF APPOINTED DISTRICT ATTORNEY. The sureties on the official bond of a person appointed to fill a vacancy in the office of district attorney, conditioned for faithful performace during incumbency, are liable for a breach at any time while such person fills the vacancy and until his successor is qualified.

TERM OF DISTRICT ATTORNEY HOLDING BY APPOINTMENT. The provision of the act of March 11, 1865, to the effect that a vacancy in the office of district attorney shall be filled by appointment for the "balance of the unexpired term," (Stats. 1864-5, 286, Sec. 16) was repealed by the general act of March 9, 1866, relating to officers, (Stats. 1866, 231) requiring all appointments to county and township offices to run "until the next general election."

APPOINTMENT NOT TO INTERFERE WITH REGULAR TERM OF OFFICER ELECTED. A reasonable construction of the act of March 9, 1866, relating to officers and providing that persons appointed to fill vacancies are to hold "until the next general election," does not contemplate that an appointment to fill a vacancy, occurring after an election but before the newly elected officers are to assume their duties, can keep out of his regular term a person legally chosen at such election.

DISTRICT ATTORNEY TO HOLD OFFICE TILL SUCCESSOR QUALIFIED. Although the statute makes no provision that a district attorney, whether elected or appointed,

8

shall hold office until the qualification of a successor, yet he must do so under the general rule, because the presence of such an officer is necessary to the proper conduct of the public business.

LIABILITY ON OFFICIAL BOND OF "DE FACTO" OFFICER. The sureties on the official bond of a district attorney, conditioned for faithful performance during incumbency, are liable for his defalcations, though he hold office only *de facto* and not *de jure*.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

This was an action against Thomas Wells, former district attorney of Ormsby County, and H. S. Mason, Wm. H. Corbett, James Frazer, and Jacob Sheyer, the sureties on his official bond, to recover the sum of twenty-five hundred dollars, alleged to have been collected by said Wells as district attorney for delinquent taxes during the time he held office and converted by him to his own use. It appears that Samuel C. Denson was district attorney of Ormsby County for the term of 1867 and 1868, and at the election in November of the latter year was re-elected for the next two years. In December, 1868, Denson resigned and Wells was appointed to fill the vacancy and gave the official bond sued on.

Defendants interposed a demurrer to the complaint, which was overruled; and they then made default. The plaintiff put in testimony; and the court below found all the allegations of the complaint true, with the exception of the amount of the defalcation. In accordance with the findings there was a judgment for plaintiff in the sum of $1692 53 and costs. The sureties appealed from the judgment.

*Clarke & Lyon,* for Appellants.

I. The term of the county commissioners, who made the appointment of Wells in December, 1868, expired on the day before the second term of Denson commenced; that is, on the day before the first Monday in January, 1869. They had no authority to make an appointment for a term to commence only after the expiration of their term, and in a case where the office had an incumbent "authorized to execute the duties thereof." Stats. 1866, 236; Sec. 41; 9 Mass. 231; 10 Mass. 290.

II.   The sureties on the bond for the unexpired first term are not liable for any defalcation occurring after the term for which the bond was given had expired.   The contract of the sureties cannot be extended by the neglect of the commissioners and the holding over of the incumbent.   8 Allen, 371; 9 Wheaton, 720; 3 Pick. 340; 7 Gray, 1; 17 Cal. 93; 5 Cal. 106; 33 Barb. 196; 7 Jones (Law) N. C. 149.

*L. A. Buckner*, Attorney General, for Respondent.   .

I.   By the express conditions of the bond itself, the sureties are held for any misconduct on part of Wells "during his incumbency of said office."   · These words show the limitation of the bond, as well as the intention of the sureties to remain responsible and bound for his official acts during his incumbency.   They are therefore responsible for any and all breaches occurring while he was such incumbent from the time he qualified on December 9, 1868, until the expiration of his incumbency on December 31, 1870.

II.   With regard to point that the commissioners could not appoint for a period beyond their own term of office, it is sufficient to say that it can not arise in this case; for the record does not show when the commissioners were elected or when their term of office expired.   This is an appeal from the judgment; and there is nothing in the record to show that an election was held in 1868 at which commissioners or a district attorney were elected.

No exceptions were taken to the findings, so the appellate court will not inquire into the sufficiency of the evidence, but will presume the issues of fact properly found.   *O'Connor* v. *Stark*, 2 Cal. 153.

*William Patterson*, also for Respondent.

The sureties bound themselves for the faithful performance of the duties of said officer "during his incumbency in said office:" they are therefore bound for the defalcation of said officer during the whole of the time he held such office under and by virtue of said appointment.   The constitution and laws of this State make it the duty of all

State v. Wells.

officers to hold their respective offices until their successors are elected, or appointed and qualified. The statute of 1864–5, 401, Sec. 2, was passed for the express purpose to cover such cases as the one at bar, and does, without any question, make Wells and his sureties liable on the bond.

*Clarke & Lyon*, for Appellants, in reply.

It is alleged in the complaint, and admitted on all hands, "that on December 7, 1868, Wells was appointed to fill a vacancy then existing." The vacancy must have existed in the term commencing on the first Monday in January, 1867, and ending on the first Monday in January, 1869. It could not have been otherwise, for certainly no vacancy existed in a term which had not commenced. The appointment was for the unexpired period of the term from December 7, 1868, until the first Monday in January, 1869, and the bond was for the term of the appointment. It remains to be seen whether the sureties are liable for a defalcation occurring in the term succeeding the one for which they in terms became liable—whether, by any mere implication of the law, the liability of the sureties is extended over a term for which they had no intention to bind themselves.

By the failure of the officer elected at the general election in November, 1868, to qualify, the office of district attorney became and was vacant after the first Monday in January, 1869. *People* v. *Reed*, 6 Cal. 288; *People* v. *Langdon*, 8 Cal. 11; Stats. 1866, 237, Sec. 35. This vacancy it was the duty of the commissioners to fill, but having neglected to fill it, as required by law, their neglect can not be visited upon the sureties on the bond for a former term.

By the Court, WHITMAN J.:

This action is on the official bond of Wells, defendant; and from the judgment of the district court the sureties appeal. About the facts there is no dispute. There being a vacancy in the office of district attorney of Ormsby County, caused

by the resignation of Denson, Wells was appointed in De-
cember, 1868, to fill the same, and his official bond was con-
ditioned for faithful performance during incumbency.    No
term is indicated by the bond itself; but it is claimed by re-
spondent that the law fixes it in this way: By general stat-
ute, district attorneys are elected every two years; that in
the event of vacancy the county commissioners may appoint,
and the appointee holds for the unexpired term; that the
general election occurred in November, 1868; Wells was ap-
pointed in December following; that the only vacancy to be
filled was of one month, as the person elected in November
must take office in January, 1869; and that in any event a
new term then began, and so the contract of the sureties
was only for the month of December, 1868; and that they
can only be bound for any breach therein occurring; while
that assigned by the complaint, and found by the district
court, is a defalcation generally between the seventh day of
December, 1868, and the thirty-first day of December, 1870.

The statute of 1866, relative to officers, repeals that por-
tion of the act of 1865 which provides that any vacancy in
the office of district attorney shall be filled for the "balance
of the unexpired term" by appointment; and in his case, as
in that of all other county or township officers appointed
by the commissioners to fill vacancies, such appointment is
"until the next general election."

This language must be read reasonably.    The county com-
missioners can not, by appointment to fill a vacancy, keep
out the person lawfully entitled to a new term of the office
so filled, though he may have been elected before the ap-
pointment to take possession subsequent thereto.    So the
premises of appellants are practically correct; but the con-
clusion does not necessarily follow.

Although the statute makes no provision that the district
attorney, elected or appointed, shall hold until the qualifica-
tion of a successor, yet he must do so under the general
rule, as is evidently the public policy, simply because the
presence of such an officer is necessary to the proper con-
duct of the public business.    *Oulton* v. *Stratton*, 28 Cal. 44.

So long, then, as Wells held the office continuously, without re-appointment or election, so long were his sureties bound. *People* v. *Aikenhead*, 5 Cal. 106; *Kruttschnitt* v. *Hauck*, 6 Nev. 163.

Even if not in the office *de jure*, Wells having gone lawfully into possession in the first instance was no usurper or mere intruder, but held *de facto*, claiming to discharge the duties of the office; therefore his sureties were liable, not only upon general principles, but upon the letter of their bond, as he was the incumbent of the office under any reasonable construction of such contract. *State of Nevada* v. *Rhoades*, 6 Nev. 352.

The judgment appealed from is affirmed.