HIRAM RIDDEL, *et al.*, v. SCHOOL DISTRICT NO. 72.

OFFICIAL BOND, *Where Officer Holds Over; Liability of Sureties.* Where one was appointed treasurer of a school district to fill a vacancy, and upon such appointment gave a bond with sureties, as provided by law, and at the annual election thereafter was elected his own successor, and continued in office but without giving any new bond, *held*, that the sureties on the bond given upon his appointment were not liable for any default occurring after the commencement of the term to which he was elected.

*Error from Cherokee District Court.*

ACTION by *School District No. 72*, Cherokee county, as plaintiff, against *Hiram Riddel* and *George W. Riddel* as defendants, on a school-district treasurer's bond which the defendants executed as sureties for their principal, who was

appointed to fill an unexpired term. The bill of exceptions shows that the whole of the moneys sued for came to the hands of defendants' principal after the term for which he had been appointed and for which said bond was given, had expired, and during the succeeding term, to which he had been elected, but for which he had not qualified. The district court, at the April Term 1874, held the defendants liable, and gave judgment against them for $139.79, and costs. The defendants bring the case here on error.

*John N. Ritter*, for plaintiffs in error:

The liability of sureties is limited to the exact letter of the bond. Nothing can extend this liability. "There is no construction, no equities against sureties." As the bond was given for the appointive term, which expired on the 27th of March 1873, no construction or law could extend the liability of the sureties for acts done beyond that term: 5 Ohio, 207; 7 Ohio, (2d part,) 221; 17 Ohio, 554; 20 Ohio, 93; 9 Ohio St. 22.

The failure of said W. F. Riddel, after his election, to give bond as such treasurer, created a vacancy; and it was the duty of the district board to appoint a successor. This duty was imperative. See School Laws of 1873, § 62. The defendants, the sureties on the bond for a former term, certainly cannot be held liable for the dereliction of duty in this respect on the part of the district board.

*Hutchinson & Cowley*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: On the 18th of February 1873, there being a vacancy in the office of treasurer of the school district, one W. F. Riddel was duly appointed to fill such vacancy, and qualified as such officer, among other things giving the bond sued on. On the 27th of March 1873, at the regular annual election, the said W. F. Riddel was duly elected treasurer for the ensuing year. He took no new oath of office, and gave

12—15 KAS.

no new bond, but continued to act as treasurer until his death, November 10th, 1873. Were the sureties on the bond responsible for moneys that passed into his hands after the election? The bond does not in terms fix any limits to the time of its running. It does not purport to be given for a year, or a month, or any other period of time. Neither does it specify the length of the term of Riddel's office. Its condition is as follows: "The condition of the above obligation is such, that if the said treasurer shall faithfully discharge his duties as treasurer of said district, as prescribed by law, then this obligation to be void, otherwise to be and remain in full force." Again, the law provides that school-district officers "shall hold their respective offices until the annual meeting next following their election or appointment, and until their successors are elected and qualified." Now do either or both of these facts render the sureties liable for default occurring subsequent to the term for which the principal was appointed? We think not. The silence of the bond as to its own duration, is immaterial. The law fixes the length of the principal's term, and the obligation of the sureties extends only to the term existing, and for which the bond is given. Nor does the failure of the people to elect a successor, or of the successor elected to qualify, extend the term for which the principal was appointed. He may, it is true, be continued in office, as the statute has provided, for preventing a vacancy between the close of the one term and the election and qualification of a successor; but he is simply filling a part of his successor's term. The authorities generally concide with the views above expressed: See *Wapello v. Bigham,* 10 Iowa, 39; *Chelmsford Co. v. Demarest,* 7 Gray, 1; *People v. Aikenhead,* 5 Cal. 106; *Mayor, &c., v. Horn,* 2 Del. 190; *Rany v. The Governor, &c.,* 4 Blackford, 2. In the first case, the suit was on a county treasurer's bond, who by statute held until his successor was elected and qualified. Elected his own successor, he gave no new bond, and the sureties on the bond given for the first term were held not responsible for default occurring during the second. The second was the case of a

bond given by the treasurer of a private corporation. He was to be chosen annually, and to hold till another was chosen and qualified. The third case is like this, in that it was the duty of another officer, on the failure of a party elected to give bond, to treat the office as vacant and appoint some one to hold. The court say, the sureties might well rely on the proper discharge by that officer of this duty. Here, if the district treasurer fails to give bond, it is made the duty of the board to appoint one who will: Gen. Stat. 923, § 37. The cases of *Krutschmitt v. Houck*, 6 Nev. 163; *The State v. Wells*, 8 Nev. 105; and *Thompson v. The State*, 37 Miss. 518, are partially against the views here expressed. But the first case the court treats as an appointment during pleasure; and in the last there was no fixed time for the commencement and close of a term, or the appointment of a successor, and the case is really not in conflict with the general current of the decisions.

The judgment will be reversed, and the case remanded with instructions to grant a new trial.

KINGMAN, C. J., concurring.