THE AULTMAN TAYLOR MACHINERY CO., *a corporation* v. B. W. BURCHETT, *as sheriff,* WILLIAM GRIMES, ABEL WASHBURN AND F. L. WINKLER.

(Filed September 5, 1905.)

1. OFFICIAL BONDS—Sureties. Ordinarily the duration of the sureties' liability on the official bond of a public officer is coextensive with the officer's official tenure of office, and ceases when the term expires by operation of law.

2. JUDICIAL NOTICE—Terms of Office. The courts of this Territory will take judicial notice of the terms of office of public officers where fixed by the statutes of the Territory.

3. OFFICIAL BONDS—Action to Recover on—Allegations of Petition To entitle the plaintiff to recover in an action upon the official bond of a public officer, it is necessary for the plaintiff to allege and to show in his petition, defaults which are covered by and included within the conditions of the bond sued on.

(Syllabus by the Court.)

*Error from the District Court of Kingfisher County; before C. F. Irwin, Trial Judge.*

*Stevens & Miller,* for plaintiff in error.

No appearance for defendants in error.

Opinion of the court by

BEAUCHAMP, J. : This action was commenced by the plaintiff in error in the district court of Kingfisher county against the defendants in error to recover upon the official bond of B. W. Burchett, as sheriff; the defendants demurred to the petition of the plaintiff for the reason that the petition does not state facts sufficient to constitute a cause of action in favor of plaintiff and against defendants. The trial court sustained the demurrers. The plaintiff electing to stand upon its petition and refusing to further plead, the court rendered judgment for the defendants for costs; exceptions were saved by plaintiff in error, and plaintiff in error brings the case here by petition in error and case made for review.

The material allegations of the plaintiff's petition, so far as necessary to an understanding of the question raised, are:

"That prior to the 20th day of June 1900, the defendant Burchett, as sheriff, did wrongfully and unlawfully take into his possession and sell and dispose of certain property of the plaintiff; that on the 21st day of June 1900, the plaintiff recovered a judgment in the district court for the sum of $242.00 with interest and costs against the defendant Burchett as sheriff; the execution had issued and was returned unsatisfied for want of property upon which to levy. That on the 8th day of August, 1896. Burchett as principal and Washburn, Winkler and Grimes as sureties, made and executed an official bond for Burchett as sheriff, which was approved on

the 12th day of August, 1896. Copies of the judgment and bond are attached to the petition as exhibits. That the plaintiff has demanded payment of the judgment from the defendants and each of them, which they have refused."

There is no allegation in the petition from which the court can possibly determine when the acts complained of for which judgment was rendered against Burchett were committed, or in any way connecting the judgment with defaults committed or connected with the term of office covered by the bond, and for which the bond would be liable, the only allegation being that the acts were committed prior to June 20th, 1900. The acts may have been committed before the commencement of the term of office for which the bond was given to cover, or subsequently, or for matters for which the bond could in no case be held liable so far as the petition discloses. Ordinarily the duration of the sureties' liability is coextensive with the officer's official tenure of office, and ceases when the term expires by operation of law. (A. & E. Ency of Law, vol. 25, page 725.)

The courts will take judicial notice of the terms of office of public officers fixed by the statutes of the Territory. (A. & E. Ency. of Law, vol. 17, page 918.)

As before stated the petition alleges and shows that the bond was given August 8, 1896, and by the exhibit is shown to be an "additional official bond." The term of office of sheriffs under the statutes of this Territory is two years, so that the bond was given about four years before the date of the judgment against Burchett, and the fact that the judgment is against him as sheriff is no evidence that it was for defaults covered by the bond sued on. To entitle the plaintiff to recover upon the official bond of a public officer, it is

incumbent upon him to allege and show in his petition defaults which are covered by and included in the conditions of the bond sued on.

This being an action upon the official bond, the order and judgment of the court sustaining the demurrer as to all of the defendants, including Burchett, and for costs, was right, and is therefore affirmed, with costs to plaintiff in error.

Irwin, J., who presided in the court below, not sitting; all of the other Justices concurring.