### HATTIE N. WAITE

*v.*

### THE PEOPLE *ex rel.* John S. Smith, County Treasurer.

*Opinion filed June 19, 1907.*

1. SPECIAL ASSESSMENTS—*when demand for payment of drainage assessment is unnecessary.* No demand or notice of a drainage assessment levied under section 70 of the Farm Drainage act, relating to special drainage districts, need be made or given by the county collector before applying for judgment of sale, where the general taxes against the property have been paid to the town collector, since section 179 of the Revenue act, being an earlier act than section 70 of the Farm Drainage act, does not apply to assessments levied under said section 70.

2. SAME—*when objection to variance between delinquent list and notice of application for sale is waived.* An objection to an application for judgment and order of sale for a drainage assessment, to the effect that the lands were not assessed in the objector's name nor in that of any living person, does not go to the jurisdiction of the court, and the objector's appearance, if in nowise limited, must be regarded, under such objection, as a general one, which waives an alleged variance between the delinquent list and the notice of application, in the description of the person to whom the land is assessed.

3. JUDGMENTS AND DECREES—*order of sale cannot be signed by judge after his term of office has expired.* Where the judge of the county court omits to sign an order of sale for taxes, his act in signing the order after the term of court and after his term of office has expired is wholly without effect, even though done pursuant to an order of the county court.

WRIT OF ERROR to the County Court of Henry county: the Hon. T. H. CHESLEY, Judge, presiding.

GEORGE W. & JOSEPH L. SHAW, for plaintiff in error.

HENRY WATERMAN, and GEORGE S. SKINNER, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

At the June term, 1906, of the county court of Henry county, John S. Smith, the county collector, applied for judgment and order of sale against the lands of plaintiff in error for a delinquent special assessment levied for the purposes of Green River Special Drainage District, located in Henry and Bureau counties. Objections were filed to the application, which were overruled. Judgment and order of sale was entered, to which the judge's signature was not attached. An appeal was prayed, but denied because plaintiff in error failed to deposit with the county collector an amount of money equal to the amount of judgment and costs. Thereupon a writ of error was sued out of this court.

Section 179 of chapter 120, Hurd's Revised Statutes of 1905, provides: "When any special assessment is returned against property, the taxes upon which shall have been paid to the town or district collector, it shall be the duty of the county collector to cause demand to be made for the payment of such special assessment, or a notice thereof to be sent by mail, or otherwise, to the owner, if his place of residence is known. The certificate of a collector that such demand was made or notice given, shall be evidence thereof."

The first objection is based on the fact that no demand for the payment of the assessment was made or notice given by the county collector although the ordinary taxes upon the property were paid to the town collector before he made his return. This section of the statute received the consideration of this court in *Potwin v. Johnson,* 108 Ill. 70. That

was an application made for judgment and order of sale for the collection of a delinquent special assessment levied for a local improvement within the city of Chicago, and it was there contended, as it is here, that no judgment could be rendered in the absence of a demand made or notice given by the county collector, as required by section 179, *supra.* The conclusion there reached was that this section did not apply. Sections 151 and 152 (as then numbered) of the act in relation to cities, villages and towns required the city collector, who was first charged with the duty of collecting the assessment, to give notice, by publication, to the persons whose names appeared on the assessment roll, and as far as practicable to make demand upon such of them as resided within the corporation, personally or by written or printed notice, for the payment of the assessment. Section 153 of the Cities and Villages act then required the collector of special assessments to make return of the delinquent assessments to the county collector. Section 154 of the same act then required the county collector to proceed to obtain judgment and make sale as provided by the general Revenue law, which was to apply except when otherwise provided in the Cities and Villages act. The conclusion reached was, that it was not necessary for the county collector to make the demand or give the notice contemplated by section 179, *supra,* the holding being "that two distinct classes of municipalities are provided for, and the provisions of the one act applicable to the one class and those of the other act to the other class, or that, the provisions being repugnant, those of the last act, which is the act in relation to cities, villages and towns, being the last expression of the will of the legislature, must be held a repeal of those of the former to the extent of the repugnance; but, in either view, the proceeding under the act in relation to cities, villages and towns is sustained."

The assessment now under consideration was levied by virtue of paragraph 145 of chapter 42, Hurd's Revised

Statutes of 1905, which directs the commissioners of a special drainage district to file with the county clerk of the county in which the district was organized, a statement showing the amount of money required for certain purposes. The clerk makes computation of the amount which each tract or parcel of land should bear and extends the same upon the collector's books as ordinary taxes are extended, and where the district is located in more than one county, he certifies to the clerk or clerks of the other county or counties such facts as enable him or them to extend the tax to be collected in such other county or counties. "And the amounts so extended shall be collected at the same time and in the same manner as other taxes on like property."

This section is a later enactment than the section of the Revenue law relied upon by plaintiff in error, and it seems apparent that where the drainage assessment is included with ordinary taxes on the books of the local collector, no useful purpose could be served by requiring the county collector to make a demand upon the property owner for the drainage assessment or give notice thereof, where, as here, the property owner had paid all other taxes to the town collector and left the drainage assessment unpaid. In such case the property owner, even where no demand was made upon him by the local collector under section 155 of chapter 120, Hurd's Revised Statutes of 1905, would learn, when paying his other taxes, that the drainage assessment had been extended against him, and a demand made or notice given after he had acquired that knowledge would serve no useful purpose. Following *Potwin* v. *Johnson, supra,* we conclude that as to drainage taxes or assessments extended upon the collector's book with State, county and other taxes, under the provisions of section 145, *supra,* section 179, *supra,* does not apply. As to such drainage tax or assessment the section last mentioned is superseded by the section under which the assessment was extended upon the books of the local tax gatherer.

The second objection is based upon an alleged variance between the delinquent list and the published notice of application for sale. On the delinquent list the lands appear as the property of "Geo. E. Waite Est.," while in the publication notice they were described as the lands of "Geo. E. Waite." The appearance entered by plaintiff in error was in nowise limited, and with the two objections which we have above mentioned, and included in the same document, she filed another, based on the fact that the lands "are not assessed in her name nor in that of any living person." This last mentioned objection was not one which went to the jurisdiction of the court, and having made that objection her appearance must be regarded as a general one, and she must be held, upon the authority of *McChesney* v. *People,* 178 Ill. 542, to have waived the variance.

This cause was heard and the judgment rendered at the June term, 1906, of the county court of Henry county. At that time Theron H. Chesley was judge of that court and presided at the trial and entered the judgment and order, but did not sign the order, as required by section 191 of chapter 120, Hurd's Revised Statutes of 1905. After this proceeding was instituted in this court, and after the term of office of Judge Chesley had expired, the county court of Henry county sought to obviate this difficulty by permitting the former judge to attach his signature to the order. He did so attach his signature on December 22, 1906. These facts have been made to appear to us by an additional transcript of record, leave to file the same having first been obtained in this court.

In *Dickey* v. *People,* 213 Ill. 51, where the judge of the county court, in a proceeding similar to this, omitted to sign the order, and thereafter, for the purpose of curing the difficulty, another judgment and order of sale was entered which was signed by the judge, this court held that it was not proper to enter two judgments against the same lot for the same tax or assessment; that the power of the

228—12

court was exhausted by rendering the first judgment, except for the purpose of amending or correcting the judgment during the term. It follows that the act of the former judge of the county court in attaching his signature to the order in this case long after the term had adjourned and after his term of office had expired was wholly .without effect, although it was done pursuant to an order of the county court.

Another error is assigned, but the conclusions already reached make its consideration unnecessary.

The objections filed below were properly overruled, but the cause must be reversed on account of the failure of the judge to sign the order.

The judgment of the county court will be reversed and the cause will be remanded.    *Reversed and remanded.*