HEIN v. HEIN.

(Supreme Court, Appellate Division, First Department.   December 1, 1911.)

1. APPEAL AND ERROR (§ 570*)—POWERS AFTER EXPIRATION OF TERM.
   The granting of an application to resettle the record on appeal, made by a justice of the Supreme Court who had heard the cause, after he had ceased to be a justice of such court, is a nullity.
   [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 570.*]

2. APPEAL AND ERROR (§ 117*)—GROUNDS OF APPELLATE JURISDICTION—JURISDICTION OF LOWER COURT. •
   No appeal will lie from an order resettling the record on appeal, made by the judge who tried the case after he had ceased to hold office.
   [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 117.*]

3. DIVORCE (§ 183*)—APPEAL—RECORD—AMENDMENTS.
   Where two appeals were taken in a divorce action, one from the judgment and the other from the denial of a motion for a new trial, a motion to amend the record, by inserting therein the order denying the motion for a new trial and the notice of appeal therefrom, should be made at the Appellate Division, and not at the Special Term, or to the justice who tried the case.
   [Ed. Note.—For other cases, see Divorce, Dec. Dig. § 183.*]

Appeal from Special Term, New York County.

Action for divorce by Edna Valentine Hein against Isa Willard Hein. From an order resettling the case on appeal, plaintiff appeals.   Dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and MILLER, JJ.

Max D. Steuer, for appellant.
Albert M. Levy, for respondent.

PER CURIAM.   This was an action for divorce, the issues in which were framed and sent to a jury for trial.   A verdict was rendered by the jury in favor of the plaintiff as to certain of the proposed issues, and upon that verdict the case was brought on for trial at Special Term, and a judgment of divorce granted.   At the close of the trial before the jury, the defendant moved to set aside the verdict and for a new trial, which motion was denied by the court, but no order was entered.   After final judgment was entered, the defendant discovered that no order had been entered on the motion for a new trial, and consequently there was no appeal from that order, so he applied to the justice who had presided at the Trial Term, and an order was entered on the 8th day of June, 1911, denying the motion, whereupon the defendant also appealed from that order.   The defendant then made a motion to resettle the record on appeal, by inserting therein the order denying the motion for a new trial and the appeal therefrom.   In the meantime the justice who had granted the final decree had resigned, and this application to resettle the record on appeal came on before him after he had ceased to be a justice of the Supreme Court, and was

by him granted; and from his order granting that application this appeal is taken.

[1] It is clear that this order was a nullity. It assumed to have been entered by direction of a justice of the Supreme Court; but it appeared from the order itself that the application was made to a gentleman who had ceased to be a justice of the Supreme Court, and he occupied no official connection with it. The order purported to be an order of the court, and it seems to have been entered by the clerk; but there was no direction to enter it by a justice of the Supreme Court, and there was no authority for the clerk to enter it.

[2] There appearing on the record what purported to be an order of the court, but which was not authorized, the proper proceeding by counsel for the respondent was to move at Special Term to vacate it; but as there was no order of the Supreme Court, which purported to be held by a justice of the Supreme Court, or the entry of which was directed by such justice, there was no order from which an appeal could be taken. [3] It is also clear that the motion to amend the record should have been made at the Appellate Division, and not at the Special Term, or to the justice who tried the case; the situation being that two appeals were pending, one from the judgment entered upon the decision of the court at the Special Term, and the other from the order denying the motion for a new trial. These two appeals could be brought on separately, or could be consolidated and heard at one time upon the same record. The record on one appeal having been filed in this court, if either party wished both appeals heard together on the same record, the proper method was to move this court to consolidate the appeals, and have them both made upon one record, in which case the court could have ordered the record on the appeal from the judgment to be amended, by adding to it the order of the Trial Term denying the motion for a new trial and the notice of appeal therefrom.

But as there is no valid order from which an appeal can be taken, this appeal is a nullity, and it will therefore be dismissed, without costs.

