[L. A. No. 4233.   Department Two.—April 17, 1918.]

EUGENE KURTZ et ux., Respondents, v. WILLIAM C. CUTLER, Defendant; R. G. PUTNAM, Appellant.

APPEAL—MOTION TO DISMISS—LACK OF SPECIFICATIONS.—Lack of specifications of error is not a ground for dismissal of an appeal.

ID.—RECORD—AMBIGUITY—TWO DIFFERENT FILING DATES.—Where two filing marks appear to be indorsed on a purported bill of exceptions in the printed transcript, showing that it was indorsed as filed on two different dates, the ambiguity will be determined by the appellate court against the party seeking to establish error.

ID.—RETIREMENT OF JUDGE FROM OFFICE — JUDICIAL NOTICE.—The supreme court will take notice of the date of the retirement from office of the judge who denied a motion for a new trial.

ID.—DIMINUTION OF RECORD—JURISDICTION—LACK OF POWER OF JUDGE AFTER EXPIRATION OF TERM.—The judge, after the expiration of his term of office, was utterly without power to make an order in diminution of the record, even by stipulation of counsel for the parties, since jurisdiction cannot be conferred by stipulation.

APPEAL from an order of the Superior Court of Santa Barbara County denying a new trial.   E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

Ben S. Hunter, for Appellant.

B. F. Thomas, and Haas & Dunnigan, for Respondents.

MELVIN, J.—Defendant Putnam appeals from an order of the superior court denying his motion for a new trial.

This case has been before us twice—once on motion to dismiss and again on motion to affirm on the record.   The first motion was denied because the lack of specifications of error is not a ground for dismissal, and the other was denied without prejudice because the court declined to make the inspection of the record which would be involved until the case should be regularly before us on appeal.   It has now reached that position, and we will examine the transcript in the light of the contention of respondents that there is no record upon which the court may consider any alleged errors.

The action was one relating to the rescission of a contract for the exchange of real property and the recovery of the land of plaintiffs alleged to have been secured by fraud. Chronologically, the following facts appear from the record before us:

The original complaint was filed May 22, 1908; amended complaint December 15, 1908; and the case came on regularly for trial June 13, 1911. The decree was filed June 17, 1912, and the judgment-roll was filed on the following day. There was no attempted appeal from the judgment. The court denied the motion for a new trial August 19, 1914, and notice of appeal from said order was filed October 16, 1914, having been served upon the attorneys for respondents on some earlier day of the same month.

Following the clerk's certificate to the judgment-roll in the printed transcript before us are fifty pages of matter under the title, ''Bill of Exceptions,'' purporting to be an assignment of errors and specifications of the particulars of insufficiency of evidence. This bill does not purport to have been signed by an attorney, settled by any judge, nor formally filed in the action.

It is followed by that which apparently is a reproduction of a document fully entitled in the action and bearing the designation, ''Statement on Motion for New Trial.'' This seems to be a statement of the testimony received at the trial and the proceedings thereon. It covers more than four hundred pages of the printed transcript. Counsel for respondents stipulated on April 10, 1914, that it was a true and correct ''bill of exceptions,'' which might be settled by the court. It purports to have been settled ''within the time and as required by law,'' and bears the name of the Hon. E. P. Unangst, judge of the superior court, under date of April 11, 1914. There appear to have been two filing marks on this document, for the printed copy shows that it was indorsed as filed April 23, 1914, and March 4, 1915. If we regard the printed transcript alone, these indorsements create an ambiguity which we must settle against the party seeking to establish error. It is impossible to tell when the documents were filed or when either of them received the clerk's indorsement. While the term ''bill of exceptions'' is used in the order of settlement, it is not clear whether that order refers to the document so entitled or to the one designated as ''Statement on Motion for New Trial.'' The location of the copy of this

order would indicate, however, that it was meant to apply only to the latter paper, and that, therefore, there is no authenticated bill or statement containing any specifications of error. But in any view of the matter we are bound to take official cognizance of the fact that Judge Unangst retired from office in January, 1915, and that, therefore, if the last filing mark was the correct one, there was no record on file when he denied the motion for a new trial. Upon such a conclusion we would have no specifications of error before us upon which we could act, and, therefore, could do nothing but affirm the order for want of a proper record.

If we inspect the affidavits and stipulation of facts filed upon the motion to affirm, the real history of the record becomes clear. Both the proposed ''Bill of Exceptions'' and the proposed ''Statement on Motion for New Trial'' were served by copies, under one cover, upon counsel for respondents. Subsequently the proposed ''Bill'' was left by the clerk upon the desk of one of the judges of Santa Barbara County, and the ''Statement'' was sent to Judge Unangst at San Luis Obispo, after counsel had agreed to certain amendments and the said amendments had been inserted in an engrossed bill and a certificate of the correctness, signed by counsel, had been attached thereto. This document, as engrossed, submitted to the judge and approved by him did not contain the matter included in the original document called a ''Bill of Exceptions.'' In other words, the judge never had before him the specifications of error and of insufficiency of evidence, because the missing paper was not discovered by the clerk until long after the judge's term of office had expired. He denied the motion for new trial on August 19, 1914. The record then before him contained nothing amounting either in form or substance to specifications of errors of law or insufficiency of evidence. After discovery of the missing paper and after the termination of Judge Unangst's term of office, in March, 1915, he made an order amending the statement on motion for new trial by adding thereto the specifications of error and insufficiency in form as contained in the proposed ''Bill of Exceptions'' originally served on counsel for plaintiffs. This he did after receipt of a letter from the attorney for appellant containing the statement that the paper had been omitted inadvertently from the engrossed bill. This letter was indorsed by L. A. Lewis with the names of attor-

neys for respondents, but it appears by affidavit that he acted under a misapprehension regarding the contents of the letter, and that he had no authority to represent respondents or their counsel. Subsequently the new filing mark was made.

Whether we act upon the record contained in the transcript or regard the documents filed on motion to affirm as still before the court and available in the preparation of an opinion, the result is the same. The order must be sustained. The former judge could make no order in diminution of the record even if counsel for the parties stipulated that he might do so. Jurisdiction may not be conferred by stipulation. He was utterly without power in the premises.

In affirming the order for the reasons above set forth, we act the more readily because we have carefully read the briefs, and upon examination of the case find the contentions of appellant without merit.

The order is affirmed.

Victor E. Shaw, J., *pro tem.*, and Wilbur, J., concurred.