### In re GUARANTY TRUST CO. et al.

B–18784.

District Court, D. Oregon.
Oct. 7, 1938.

---

266

Ralph H. King, of Portland, Or., for trustees.

Herbert Swett and Verne Dusenbery, both of Portland, Or., for creditors.

S. J. Bischoff and Ralph A. Coan, both of Portland, Or., for petitioning creditors.

JAMES ALGER FEE, District Judge.

In this cause attorneys for the trustee on August 24, 1938, petitioned for an allowance from the funds of this estate to defray expenses in an appeal pending from the order of this court in said cause which had been sent to A. M. Cannon, as referee, some years previously. The question of his power to act was raised by these attorneys. His last appointment as a referee in bankruptcy of this court was made on August 20, 1936, for the period of two years. This term, therefore, expired August 20, 1938.

Before and during this term of two years there had been referred to Cannon several other causes, including this one, which were yet undisposed of, and accordingly, there was certified to the court by A. M. Cannon, as referee, the following question: "Does the expiration of the term of office of a Referee in Bankruptcy, appointed under Section 34 of the Bankruptcy Act, 11 U.S.C.A. § 62, deprive him of the power and jurisdiction to continue the administration and determination of bankruptcy cases, which were referred to said Referee during the term of office, pending before such Referee and undisposed of, until final completion thereof?"

The court requested briefs and oral argument upon this question, and the matter has been ably and vigorously contested.

The point raised is not one which relates to the jurisdiction of the court over the parties or the subject matter,[1] but it does relate to the validity of acts to be performed by Cannon in these cases. The acts relating to bankruptcy provide: "Courts of bankruptcy shall, within the territorial limits of which they respectively have jurisdiction, (1) appoint referees, each for a term of two years, and may, in their discretion, remove them because their services are not needed or for other cause * * *." 11 U.S.C.A. § 62.

Construing this section, Collier on Bankruptcy, 13th Ed., Page 932, says: "There is nothing in the statute which invalidates the acts of a referee after the expiration of his term. He continues a referee in each unclosed case previously referred," but cites no authority for the proposition.

Brandenburg on Bankruptcy, 4th Ed., Sec. 316, says: "While there is authority for the proposition that an officer's functions cease immediately at the expiration of his term of office the rule supported by the weight of authority is, in the absence of any restrictive provision, that the officer is entitled to hold until his successor is duly chosen and qualified. This rule conserves the public good by conserving the methods and instrumentalities by which alone public business can be transacted; while the opposite rule, when pushed to its consequences, might result in a suspension of business in every department of the public service. In the case of a United States attorney the law specifically provides that his commission shall cease and expire at the expiration of the term for which appointed, but there is no such provision with reference to a referee. It is to be presumed, therefore, that Congress intended that the referee should hold his office until the appointment and qualification of his successor." Citing State v. Harrison, 113 Ind. 434, 440, 16 N.E. 384, 3 Am.St.Rep. 663 (President Board of Trustees); Tuley v. State, 1 Ind. 500 (School Commissioner); State v. Wells, 8 Nev. 105 (District Attorney); State v. Fagan, 42 Conn. 32 (School District Committeeman); People ex rel. Stratton v. Oulton, 28 Cal. 44; People ex

---

[1] The question whether jurisdiction would fail because of the acts of a person ineligible to hold the office of referee but acting as such was discussed in an opinion delivered April 27, 1936, In the Matter of Fox West Coast Theatres, Bankrupt, 25 F.Supp. 250, in the United States District Court of Southern California, Central Division. It was there held that jurisdiction vested in the District Court, and while the acts might be overturned on direct attack, they were not void as against a collateral attack.

rel. Madden v. Stratton, 28 Cal. 382 (Librarian).

There are several criticisms which may be made of these theories advanced by text writers. In the first place, the rule for which the cases are cited in Brandenburg applies only to administrative and executive officers and not to judicial; second, the argument concerning the statute relating to a United States Attorney is erroneous; and third, the argument from expediency or public policy does not apply in the present case.

■ Considering the first point, a referee in bankruptcy is not an administrative officer under the terms of the acts relating to bankruptcy but is rather in a position of a judge. White v. Schloerb, 178 U.S. 542, 546, 20 S.Ct. 1007, 44 L.Ed. 1183; In re McIntire, D.C., 142 F. 593, 596; McCulloch v. Davenport Savings Bank, D.C., 226 F. 309, 311, 314. See In re Simon & Sternberg, D.C., 151 F. 507. It is true that he is merely an officer of the court and is not endowed with independent judicial authority. Weidhorn v. Levy, 253 U.S. 268, 271, 40 S. Ct. 534, 535, 64 L.Ed. 898. His acts after his term of office has expired therefore may be invalid if the rule relating to judicial officers be applied. Kurtz v. Cutler, 178 Cal. 178, 172 P. 590; Marcellus v. Wright, 61 Mont. 274, 202 P. 381; Waite v. People, 228 Ill. 173, 81 N.E. 837; Hein v. Hein, 148 App.Div. 249, 132 N.Y.S. 112. It is true that there may be a judicial officer de facto. Olson v. Hawkins, 135 Wis. 394, 116 N.W. 18; Masterson v. Matthews, 60 Ala. 260; Blackburn v. State, 40 Tenn. 690, 3 Head 690; and when sitting with color right his judgments cannot be collaterally questioned. Ex parte Ward, 173 U.S. 452, 19 S.Ct. 459, 43 L.Ed. 765. But in this case, Cannon is not sitting with color of right because his term of office has expired by the limitation created by the statute itself. Furthermore, action by Cannon, as referee, would be a subject of direct attack in these cases.

■ As to the second point, the acts relating to District Attorneys as first passed contain the clause " * * * their commissions shall cease and expire at the expiration of four years from their respective dates." Sec. 769, Rev.Stat., 28 U.S.C.A. § 482 note. But Marshals were appointed and commissioned for a term of four years, Rev.Stat. § 779, 28 U.S.C.A. § 491, without any limiting clause. Apparently, it was the opinion of Congress that each of these stat-

utes cut off the right of the appointee to hold office at the end of the four year period because at the same session of Congress each of these acts was amended by adding a clause to permit the officers to hold office until their successors should be appointed and qualified. See Title 28 U.S. C.A. Sec. 482 and Sec. 491. This change of the statute was probably based upon the case of Badger v. United States, 93 U.S. 599, 23 L.Ed. 991, where the court held, construing this particular statute in force at that time, that the right or power of the District Attorney to perform the duties of his office was at an end at the end of four years "as completely as if he had never held the office" [page 601]. The court makes no reference whatever to the fact that this particular statute contained a clause to the effect that his power should then "cease and expire" but states the rule absolutely and broadly. Cf. United States v. Green, C.C., 53 F. 769–771.

■ The third point is that the argument based upon expediency does not apply to this case because here the court has full power to appoint another referee for this district and has so appointed another referee who could assume the completion of the references heretofore made to Cannon.

The statutes indicate that it was expected that the referee should lose all power to act at the termination of the statutory time. Section 43 of the laws relating to bankruptcy provides: "Whenever the office of a referee is vacant, or its occupant is absent or disqualified to act, the judge may act, or may appoint another referee, or another referee holding an appointment under the same court may, by order of the judge, temporarily fill the vacancy." 11 U.S.C.A. § 71.

This section seems to indicate that the referee is a judicial officer, performing acts for a certain term and district and that such acts must be performed by him or some other qualified referee, or the judge. The statute also provides for an apportionment of fees as follows:

"Whenever a case is transferred from one referee to another the judge shall determine the proportion in which the fee and commissions therefor shall be divided between the referees." Title 11 U.S.C.A. § 68(b).

"In the event of the reference of a case being revoked before it is concluded, and when the case is specially referred, the judge shall determine what part of the fee

and commissions shall be paid to the referee." Title 11 U.S.C.A. § 68(c).

At the end of the term of a referee, it would seem that the approved method has been to re-refer partially administered cases to another referee or a successor referee of the same district. Kinkead v. J. Bacon & Sons, 6 Cir., 230 F. 362, 369, certiorari denied 241 U.S. 680, 36 S.Ct. 728, 60 L.Ed. 1234.

The most serious matter, however, relates to the bond. The statute here provides as follows:

"Referees, before assuming the duties of their offices, * * * shall respectively qualify by entering into bond to the United States in such sum as shall be fixed by such courts, not to exceed $5,000 * * * conditioned for the faithful performance of their official duties." 11 U.S.C.A. § 78(a).

"Bonds of referees * * * shall be filed of record in the office of the clerk of the court and may be sued upon in the name of the United States for the use of any person injured by a breach of their conditions." 11 U.S.C.A. § 78(h).

"Suits upon referees' bonds shall not be brought subsequent to two years after the alleged breach of the bond." 11 U.S.C.A. § 78(l).

The form of the official bond of a referee is prescribed by Form 17, adopted and established by the United States Supreme Court relating to Bankruptcy, 11 U.S.C.A. following section 53, and is conditioned for faithful performance of "all the duties pertaining to the said office of referee in bankruptcy". The statute provides for a fixed term of two years, and according to the decisions where a bond is given for the performance of the duties of an office, the term of which is limited by law, the liability of a surety is confined to that period, even if the condition of the bond is silent as to its own duration. Empire State Surety Co. v. Carroll County, 8 Cir., 194 F. 593; State Treasurer v. Mann, 34 Vt. 371, 80 Am.Dec. 688; First National Bank v. Briggs' Assignees, 69 Vt. 12, 37 A. 231, 37 L.R.A. 845, 60 Am.St.Rep. 922; Board of Education v. Fulkerson, 72 Okl. 170, 179 P. 599; Hubert v. Mendheim, 64 Cal. 213, 30 P. 633; Aultman Taylor Machinery Co. v. Burchett, 15 Okl. 490, 83 P. 719. See Bryan v. United States, 1 Black 140, 149, 17 L.Ed. 135.

From these statutes it is concluded that the duties of the office should be performed by a referee appointed for two years or by the judge. The special reference contemplated is a limited reference to an officer appointed for two years. In re Owl Drug Co., D.C., 16 F.Supp. 139; Cohn v. Edler, 9 Cir., 90 F.2d 823. A vacancy in the office is contemplated by the law. Provision is made for division of fees where there is a transfer of the cause from one referee to another. The bond of a referee only binds the sureties for acts occurring during the two year term. Thus, the clear indication is that Congress intended the referee should not have power if his term had expired. This indicated conclusion is not weakened by the fact that under General Order 26 of the Supreme Court of the United States as amended, 11 U.S.C.A. following section 53, a referee is required to render a report within sixty days after the expiration of each six months' period ending January 31 and July 31, respectively. If he is no longer referee, it is apparent that that duty is not incumbent upon him.

The term of Mr. Cannon has expired by limitation, and therefore, his power to act as referee in cases heretofore referred has ceased. An order made by him must necessarily be declared erroneous on a direct attack which probably would be made in this or some other pending case. The question propounded is, therefore, answered in the affirmative.