**In the Matter of Gaylord T. CUMMINGS, d/b/a Cummings Pharmacy, Bankrupt.**

**No. BK–68–768.**

United States District Court, W. D. New York.

Jan. 5, 1971.

James R. Priviteria, petitioner pro se.

H. Kenneth Schroeder, Jr., U. S. Atty., Buffalo, N. Y., Harland F. Leathers and Jeffrey F. Axelrad, Attys., Dept. of Justice, for the U. S. as amicus curiae.

CURTIN, District Judge.

In March, 1968, after serving as Referee in Bankruptcy in this district for thirteen years, James R. Privitera retired. Returning to the practice of law, he was elected Trustee in the bankruptcy case of Gaylord T. Cummings. During the administration of the estate, the attention of the present Referee, Beryl E. McGuire, and Mr. Privitera was called to Section 39b of the Bankruptcy Act (11 U.S.C. § 67b), which provides:

"... referees receiving benefits under paragraph (1) of subdivision d of § 40 of this Act, shall not practice as counsel or attorney nor act as trustee or receiver in any proceeding under this Act."

Upon being advised of the provisions of this section, Mr. Privitera informed the Referee that liquidation of the estate was virtually complete and that he wished to challenge the application and validity of the statute in connection with

the formal closing of the estate. In subsequent proceedings, Mr. Privitera submitted lengthy memoranda to the Referee, who decided that the section disqualified Mr. Privitera from acting as attorney or trustee in the estate and, therefore, there was no authority to grant him an allowance for service.

On April 25, 1970, Mr. Privitera filed a petition for review with the court. When the petition was presented, it appeared that the constitutionality of Section 39b of the Bankruptcy Act (11 U.S.C. § 67b) was challenged. For this reason, notice pursuant to Title 28, United States Code, Section 2403 was given to the Attorney General of the United States. Briefs by the petitioner and the Attorney General have been filed and considered by the court.

In his decision, the Referee determined that a reading of Title 11, United States Code, Section 67(b), together with Title 11, United States Code, Section 68(d), prevented Mr. Privitera from acting as trustee or attorney and prohibited the payment of an allowance to him. Title 11, United States Code, Section 68(d)(1) and (2) in part provide:

"(1) All referees in bankruptcy and employees in the offices of such referees shall be deemed to be officers and employees in the judicial branch of the United States Government within the meaning of the Civil Service Retirement Act.

(2) Any referee who has retired or been retired under the provisions of paragraph (1) of this subdivision may, if called upon by a judge of a court of bankruptcy, perform such duties of a referee, conciliation commissioner, or special master under this title, within the jurisdiction of the court, as he may be able and willing to undertake. . . ."

The Referee reasoned that, since Mr. Privitera was receiving benefits under Section 68(d)(1), he was prohibited from acting as trustee in any bankruptcy proceeding. Referring to Section 68(d)(2) which provides that a judge may recall a retired referee to service if the retired referee is willing to serve, Mr. McGuire determined that Congress "may have sought to maintain a reserve of retired referees from which the judges might draw should the need arise." From this, he concluded that "the restriction on practice by retired referees receiving benefits would appear to be a reasonably necessary adjunct to their eligibility for voluntary recall."

Mr. Privitera's position is that he is not now a referee. He argues that the provision of Section 67(b) that "referees receiving benefits . . . shall not practice as counsel . . ." does not apply to him unless he is recalled and willing to serve pursuant to Section 68(d)(2).

Chapter 5 of the Bankruptcy Act is concerned with the appointment, jurisdiction, power, and duties of active referees. For example, Section 67(a) details the duties of referees in bankruptcy matters. Some of these duties are: Giving notice to creditors, examining schedules, declaring dividends, and keeping records. Only active referees can perform these functions of office.

For this reason, it appears to the court that the purpose of including "referees receiving benefits" in Section 67(b) was not to prevent former referees from receiving allowances, but to make sure that, if a former referee were called upon to serve and were willing to do so pursuant to Section 68(d)(2), and actually did serve, he would be prohibited from acting as attorney or trustee in any bankruptcy proceeding.

If the phrase, "referees receiving benefits under paragraph (1) of subdivision (d) of section 68", were omitted from Section 67(b), then it would appear that only active full-time referees and active part-time referees would be prohibited from acting as counsel, trustee, or receiver in a bankruptcy proceeding. There is no question that, if an ex-referee is recalled to service and he accepts, he should be barred from acting as an

attorney or trustee. On the other hand, this court does not perceive any conflict of interest arising where an ex-referee, not recalled, serves as an attorney or other officer.

For this reason, the decision of Referee McGuire is reversed. James R. Privitera is entitled to act as trustee, receiver, or attorney in bankruptcy matters, including the present one.

So ordered.