In re **NATIONAL RECREATION PRODUCTS, INC.,** a California Corporation, aka **Barnes Enterprises, Debtor.**

Appeal of **Joseph J. RIFKIND.**

No. 75–3673–HC(ALS).

United States District Court,
C. D. California.

Oct. 1, 1975.

Frank B. Belcher, Belcher, Henzie & Biegenzahn, Los Angeles, Cal., for appellant.

William D. Keller, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civ. Div., Carolyn M. Reynolds, Asst. U. S. Atty., Los Angeles, Cal., for United States as amicus curiae.

## ORDER REVERSING BANKRUPTCY JUDGE'S ORDER ENTERED
### April 29, 1975

STEPHENS, Chief Judge.

Appellant, Joseph J. Rifkind, has filed an appeal with this court, pursuant to Bankruptcy Rule 801, seeking a review of an order entered April 29, 1975, by Bankruptcy Judge Howard V. Calverley. This court has jurisdiction to review Bankruptcy Judge Calverley's order under Section 2a(10) of the Bankruptcy Act [11 U.S.C. § 11(a)(10)].

In June, 1973, Joseph J. Rifkind retired after serving as a Referee in Bankruptcy and Bankruptcy Judge for 18 years. At that time, Mr. Rifkind began receiving his retirement annuity under the Civil Service Retirement Act pursuant to Section 40d(1) of the Bank-

ruptcy Act [11 U.S.C. § 68(d)(1)]. Immediately following his retirement, in July, 1973, Mr. Rifkind was recalled to service as a Referee in Bankruptcy and Bankruptcy Judge. Hereafter, the term referee will be used to accord with the language used in the Bankruptcy Act and in Bankruptcy Rule 503. Mr. Rifkind served in this capacity for 14 months. During this period, he continued to receive his retirement annuity. In August, 1974, Mr. Rifkind terminated this period of recall service and resumed his retired status. He presently receives monthly annuity payments.

In September, 1974, the appellant returned to the practice of law, and in March of 1975, Mr. Rifkind appeared as attorney for petitioner-debtor in the bankruptcy case of National Recreation Products, Inc. At the request of Bankruptcy Judge Calverley, a hearing was convened to determine whether Mr. Rifkind could continue to appear as counsel for the petitioner and practice bankruptcy law while receiving retirement benefits pursuant to Section 40d(1) of the Bankruptcy Act.

Bankruptcy Judge Calverley issued a Memorandum of Decision and Order holding appellant ineligible to practice as counsel for petitioner. He based his decision on Section 39b of the Bankruptcy Act [11 U.S.C. § 67(b)]. Section 39b, which was last amended in 1966, provides, in pertinent part:

"Active full-time referees shall not exercise the profession or employment of counsel or attorney, or be engaged in the practice of law; nor act as trustee or receiver in any proceeding under this Act. Active part-time referees, and referees receiving benefits under paragraph (1) of subdivision d of section 40 of this Act, shall not practice as counsel or attorney nor act as trustee or receiver in any proceeding under this Act."

Section 40d(1) of the Bankruptcy Act provides that "[a]ll referees in bankruptcy . . . shall be deemed to be officers . . . in the judicial branch of the United States Government within the meaning of the Civil Service Retirement Act."

In reaching his decision, Bankruptcy Judge Calverley considered the question of whether Section 39b of the Bankruptcy Act is in conflict with the new Bankruptcy Rule 503, and, thus, of no further force or effect. The Bankruptcy Rules, which became effective in October of 1973, were prescribed by the Supreme Court and reported to Congress pursuant to 28 U.S.C. § 2075, which provides in pertinent part:

"All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."

The rules were enacted to govern practice and procedure under the Bankruptcy Act. Included in the Bankruptcy Rules is Rule 503, as follows:

"A referee shall not engage in any transaction, directly or indirectly, with the estate and shall not act as trustee or receiver in any case under the Act. An active full-time referee shall not engage in the practice of law, and an active part-time referee shall not act as attorney for any party in any case under the Act."

Rule 503, which is derived from Section 39b of the Bankruptcy Act [Bankruptcy Rule 503, Advisory Committee's Note], does not include the restriction on activities of referees receiving benefits found in Section 39b.

Mr. Rifkind urged Bankruptcy Judge Calverley to conclude that Bankruptcy Rule 503 conflicts with and thus supersedes Section 39b because Section 39b includes a provision which prohibits a referee who is receiving retirement benefits from practicing as counsel or attorney in any bankruptcy proceeding, while Rule 503 does not contain such a provision. Bankruptcy Judge Calverley concluded that no conflict exists and that Section 39b prohibits Mr. Rifkind from practicing before him.

The issue presented to the court by this appeal is whether Section 39b ap-

plies to former referees who are receiving retirement benefits and have not been reemployed for service as referees.

The appellant offers three arguments in support of his position that a former referee who has retired can practice before the bankruptcy courts. First, he argues that Section 39b has been superseded by Bankruptcy Rule 503.

Second, appellant contends that Section 39b applies only to those former referees receiving retirement benefits who have been recalled to service as referees.

Third, Mr. Rifkind urges that the construction given Section 39b by Bankruptcy Judge Calverley violates due process and equal protection of the law as guaranteed by the United States Constitution. For the reasons which appear below, it is not necessary to give consideration to this last contention.

■ As to the first contention that Section 39b is in conflict with the new Bankruptcy Rule 503, appellant invites the court's attention to the Advisory Committee's Introductory Note to the Preliminary Draft of the Bankruptcy Rules in which the Committee explains that "[r]ules promulgated pursuant to 28 U.S.C. § 2075 supersede laws, including provisions of the Bankruptcy Act, in conflict with such rules after they take effect." 1 *Collier on Bankruptcy* 11 (14th ed. Spec.Supp.1974). The Advisory Committee's Note concerning Rule 503 explains that the restriction on activities of referees receiving benefits found in Section 39b has been deleted from Rule 503 because "this is a matter which should be correlated to the benefits provided such referees by Congress. . . ." Bankruptcy Rule 503 is silent on the activities of referees receiving benefits, and mere silence does not create a conflict with Section 39b. Thus, whatever prohibitions are found in Section 39b are still the law.

The sole reported case in which the prohibition of Section 39b is interpreted is *In re Cummings*, 384 F.Supp. 112 (W.D.N.Y.1971). In that case, the provision in Section 39b which restricts the activities of referees receiving benefits was construed by United States District Judge Curtin as applying only to former referees who have retired and been recalled to service pursuant to Section 40d(2) of the Bankruptcy Act [11 U.S. C. § 68(d)(2)]. *Id.* at 113. Judge Curtin found that the purpose of including "referees receiving benefits" in Section 39b was "to make sure that, if a former referee were called upon to serve and . . . actually did serve, he would be prohibited from acting as attorney or trustee in any bankruptcy proceeding." *Id.* Judge Curtin reasoned that:

". . . if an ex-referee is recalled to service and he accepts, he should be barred from acting as an attorney or trustee. On the other hand, this court does not perceive any conflict of interest arising where an ex-referee, not recalled, serves as an attorney or other officer." *Id.* at 113–14.

Bankruptcy Judge Calverley declined to follow the *Cummings* decision, stating that the interpretation of Section 39b by Judge Curtin in *Cummings* "vitiates Section 39b and makes it incongruously superfluous." Memorandum of Decision and Order, 5–6. He concluded that a recalled referee is an active referee, and as such his conduct already is governed by the first part of Section 39b. Thus, Bankruptcy Judge Calverley reasoned that the portion of the last sentence of Section 39b which deals with referees receiving benefits must apply only to those referees who are retired and inactive.

■ The court disagrees with Bankruptcy Judge Calverley and concludes that the phrase "referees receiving benefits" found in Section 39b applies only to former referees who have retired and have been recalled to service. The term "referee" is defined in Section 1(26) of the Bankruptcy Act [11 U.S.C. § 1(26)] as one "who has jurisdiction of the case or to whom the case has been referred or anyone acting in his stead." Thus,

the word denotes a person who has the power to act in bankruptcy cases.

██ A referee serves a term of six years. Section 34a of the Bankruptcy Act [11 U.S.C. § 62(a)]. The referee's power to act in bankruptcy cases ceases when his six year term expires and a successor is appointed to fill the vacancy. Section 34a of the Bankruptcy Act. See also, *In re Guaranty Trust Co.*, 25 F.Supp. 265 (Or.1938). Thus, once a bankruptcy referee's term has expired, he is no longer a "referee." In most cases, a retired referee becomes merely a participant under the Civil Service Retirement Act, receiving retirement benefits pursuant to Section 40d(1) of the Bankruptcy Act. Thus, an unrecalled, retired referee who is receiving retirement benefits is not a "referee" receiving benefits within the meaning of Section 39b.

When Section 39b is read together with Sections 40d(1) and (2) of the Bankruptcy Act, it is apparent that the phrase "referees receiving benefits" found in Section 39b refers only to former referees who have retired and are receiving benefits pursuant to Section 40d(1) and who have been recalled to service under Section 40d(2).

Sections 40d(1) and (2) of the Bankruptcy Act provide:

"d. (1) All referees in bankruptcy and employees in the offices of such referees shall be deemed to be officers and employees in the judicial branch of the United States Government within the meaning of the Civil Service Retirement Act.

"(2) Any referee who has retired or been retired under the provisions of paragraph (1) of this subdivision may, if called upon by a judge of a court of bankruptcy, perform such duties of a referee, conciliation commissioner, or special master under this Act, within the jurisdiction of the court, as he may be able and willing to undertake. The retired referee shall receive as compensation for his services, either full or part time, the salary authorized for the referee serving the territory to which the retired referee is assigned. However, the rate of compensation of a retired referee assigned to serve on a full-time basis in the territory of a part-time referee shall be the minimum rate established by the Judicial Conference of the United States for full-time service. Salaries authorized under this paragraph shall be subject to the provisions of section 13(b) of the Civil Service Retirement Act."

Section 39b was amended and Sections 40d(1) and (2) were enacted as part of the Referees' Salary Act of 1946. PL 464, 79th Cong., 2d Sess., 60 Stat. 326. Under Section 40d(1), as added by the Salary Act, referees were given the benefits accorded judicial officers of the United States within the terms of the Civil Service Retirement Act. Section 40d(2) was enacted so that the services of a former referee, who had retired, could be utilized, if he were called upon by a district judge and if he wanted to return to work.

██ ██ If a former referee, who has retired, is recalled to service by order of a district judge and that former referee accepts, he once again has the status of a "referee" in that he may perform all the duties of a referee. There are, however, features of his service which distinguish a recalled annuitant from active full-time or part-time referees. Among them are the nature of his compensation and tenure. A former referee who has retired and has been recalled to service pursuant to Section 40d(2) continues to receive his retirement annuity pursuant to Section 40d(1). Initially, the recalled annuitant received only his retirement allowance, but in 1962, Section 40d(2) was amended to provide that the recalled annuitant was to receive as compensation for his services "the salary authorized for the referee serving the territory to which the retired referee is assigned." Thus, the recalled referee presently receives his annuity payment as a retired referee in one check and a

salary, equal to the difference between a regular salary and the recalled referee's annuity, in another check, as provided in 5 U.S.C. § 8344(a).

Therefore, a former referee who has retired and has been recalled to service pursuant to Section 40d(2) has the power to act in bankruptcy cases and is again a referee. However, such an individual is a referee who is "receiving benefits" and this distinguishes him from an active full-time or active part-time referee. It is indisputable that active full-time or part-time referees do not receive retirement annuity benefits. Thus, recalled annuitants are "referees receiving benefits" as that phrase is used in Section 39b.

■■ The phrases "active full-time referees" and "active part-time referees," found in Section 39b, describe referees who have been appointed to serve during a term fixed by law and who have not yet retired. These phrases also connote the percentage of working time which is to be devoted by such referees to the performance of their duty. It is further notable that provisions for compensation for these referees are made accordingly. With respect to the word "active," as used in Section 39b, similar terminology is used in Title 28 United States Code with reference to United States District Judges. Those district judges who presently are holding office are said to be in "regular active service." Once a judge has retired, however, he is no longer deemed to be active, although he retains his office and salary and continues to discharge the same judicial duties as before. See 28 U.S.C. §§ 371–72.

Similarly, once a referee retires he is no longer an active referee. Further, even if a former referee who has retired is recalled to service, he cannot be said to be in "active" full-time or part-time service. He has been specially designated by a judge, pursuant to Section 40d(2), to return to service as a referee at the pleasure of the court which may be an indefinite period. When he has returned to service he once again is one "who has jurisdiction of the case" and has the power to act, but he is still a retired referee. It is this fact which makes his recall and compensation possible. Such a person can best be described as a recalled annuitant and he is certainly not an active full-time or part-time referee. Thus, it would appear that the phrase "referees receiving benefits" was included in Section 39b so that the activities of recalled annuitants would be covered and the phrase is not redundant.

■ The court agrees with the conclusion of Judge Curtin in *In re Cummings*, 384 F.Supp. 112 (W.D.N.Y.1971), that the provisions of Section 39 concern only the duties and powers of persons who presently are serving as referees in bankruptcy. Nowhere in Section 39b are former referees who have retired proscribed from practicing law before the bankruptcy courts. Since the appellant is not presently a bankruptcy judge or referee, having retired, the only conclusion to be drawn is that the proscriptions of Section 39b are not applicable to him. Thus, Mr. Rifkind is eligible to practice law before the bankruptcy courts.

Where possible, it is preferable to base a decision concerning a question of law on statutory construction than on constitutional issues. In this case, it is unnecessary for the court to reach the issue of the constitutionality of Section 39b.

Accordingly, the decision of Bankruptcy Judge Calverley is reversed.